THE LAWYERS' CO-OPERATIVE PUBLISHING Co., Plaintiff and Appellant, *v.* JUAN LASTRA, Defendant and Appellee.

No. 6118. Argued February 1, 1934.—Decided July 28, 1934.

398

*J. Henri Brown, C. Ruiz Nazario* and *G. E. González* for appellant.
*Juan Lastra* by his own right.

Mr. Justice Wolf delivered the opinion of the Court.

The court below rendered judgment against the Lawyers' Co-operative Publishing Co. It is agreed in this appeal that during the years 1924–1925, the Lawyers' Co-operative Publishing Co. sold to Mr. Juan Lastra certain law-books, for the sum of $615. The said purchaser, during the period between July 1, 1924, to May, 1927, paid $145 on account of said purchase.

On the 26th of January, 1931, the appellant presented to Juan Lastra a contract that he signed, in form a conditional sale of books. The writing requested the appellant to forward certain books for which the purchaser agreed to pay certain fixed amounts. Then the books were described and were nominally the same that had already been delivered. Then the balance due is recited. Now, it was perfectly clear that after the date of the conditional contract no further books were sent to Juan Lastra. Books of the same description were already in his possession and were his property, previous, at least, to the signing of the contract. The said contract called for the payment of $10 a month and the appellee had failed to pay $110 that had matured.

The court held that no delivery of books that the contract called for was made and that hence no conditional sale, retaining the title in the vendor arose. The appellant maintains in effect that the parties can make any contract they choose; that when Juan Lastra signed the contract he acknowledged title in the plaintiff-appellant.

The books were the property of Juan Lastra at the time of the signing of the contract. There is nothing in the written document which reveals an intention on the part of the contracting parties to divest title from Lastra and revest it in the Lawyers' Co-operative Publishing Co. As the court said, and we find, the contract in form called for a delivery of books.

At the trial it transpired that the parties had no .conversation on the transfer or reinvestment of title. Juan Lastra said he did not read the contract, but signed it with the idea that he was just agreeing to make payment. Mr. Barry, on the other hand, said that the contract was presented to Lastra as a conditional contract. When asked whether he explained to the defendant that the books could be recovered if the payments were not made, the witness said the contract spoke for itself and that defendant read the contract.

We can not get from the evidence any idea that there was a clear meeting of minds in regard to the revesting of title in the company. In all probability if appellee had had the idea that the title was transferred to the appellant, he would not have signed it. As the contract in form called for a future delivery which was not made, the burden was on the company to show that it was the intention of the parties that the title in fact reverted to the company. This burden was not met to the satisfaction of the court below and the judgment should be affirmed.